UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN RESOP,

       Plaintiff,                       CIVIL ACTION NO. 09-12548

v.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                      MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability income benefits on September 23, 2004, alleging that she had been disabled and unable to work since March 10, 2004, at age 33, due to fibromyalgia, chronic fatigue syndrome and blurred vision. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on November 15, 2006, before Administrative Law Judge (ALJ) Henry Perez. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Administrative Law Judge restricted claimant from jobs that required fine visual acuity or would expose her to hazards and unprotected heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for

judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 35 years old at the time of the administrative hearing (TR 661). She had a limited education, and had been employed as a machine operator and hi-lo driver (TR 98, 661). As a machine operator, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 99). Claimant stopped working in February 2004, when she experienced vision problems after being exposed to the smell of burning plastic (TR 670-671). Following this incident, Plaintiff was unable to return to work due to severe headaches, chronic fatigue, periodic blackouts and joint pain (TR 677-680, 684).

Plaintiff alleged that she was disabled as a result of radiating joint pain and chronic fatigue (TR 677). She remained capable of shopping, cooking, housekeeping, socializing and doing her laundry (TR 107-109, 683-684). Plaintiff drove short distances, including driving her child home from school (TR 685). She had to lie down several times a day in order to get any pain relief (TR 683). Claimant was allegedly unable to sit or stand for prolonged periods, and was unable to lift more than ten pounds (TR 687).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as light to medium, semi-skilled activity, which imparted some transferable skills (TR 689-690). The witness testified that there would not be any jobs for claimant to perform if her testimony


were fully accepted[1] (TR 692). If she were capable of sedentary work, however, there were numerous unskilled packaging and sorting jobs that she could still perform with minimal vocational adjustment (TR 691).  These simple, routine jobs allowed a sit-stand option, and did not expose workers to hazards or unprotected heights (TR 690).

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of fibromyalgia, chronic headaches and right shoulder/left knee pain, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to sit or stand for prolonged periods, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Administrative Law Judge also restricted claimant from jobs that would expose her to hazards and unprotected heights. Nevertheless, he found that Ms. Resop retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

---

[1] The witness testified that claimant's alleged need to take frequent breaks throughout the day due to her joint pain and chronic fatigue would preclude all work activity (TR 692).

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or other alleged impairments.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of

sedentary work providing a sit-stand option and involving no exposure to hazards or unprotected heights. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. As pointed out by the ALJ, the claimant has never been hospitalized, nor has she received aggressive treatment for the condition (TR 50). Moreover, diagnostic tests did not support all her complaints. Examining physicians reported no significant abnormalities. The claimant had full ranges of joint motion, and good muscle strength in her arms and legs. Muscle bulk and tone were normal, coordination was unimpaired, and she did not exhibit any neurological deficits (TR 516-523, 526-536, 588-599).

Plaintiff also obtained significant relief from medications taken as prescribed, and the medical record contained no evidence of significant side-effects from those medications. The Administrative Law Judge also noted that no examining physician recommended that she frequently lie down throughout the day (TR 50). Despite Plaintiff's allegations of severe functional limitations, a significant portion of the treatment notes found in the record document routine medical care for such ailments as diffuse joint pain, fatigue, seasonal allergies, headaches and blurred vision (TR 216, 222, 243, 303, 313, 334, 372, 413).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite her allegations that she suffered from severe pain radiating throughout her body, the claimant was able to prepare meals, pay

5

bills and perform household chores. She spent time watching television, caring for her children and visiting with friends (TR 107-109, 683-684). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require frequent crouching, crawling, stooping, climbing or balancing.

Plaintiff relies heavily upon the fact that Dr. Henein opined in October 2006, that she "cannot stand during a workday." (TR 287-288). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Henein offered no objective evidence to support his statement of disability, his opinion need not have been given any special weight[2]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Administrative Law Judge adequately included all functional limitations from those impairments into his residual functional capacity (RFC) evaluation. In the instant case, the claimant has failed to point

---

[2]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support any disability (TR 51). The ALJ also correctly pointed out that Dr. Henein treated claimant very briefly, and did so in a conservative manner (TR 51).

**6**

to any medical opinion, or other evidence demonstrating additional work-related limitations, ignored by the Administrative Law Judge.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to simple, unskilled, routine type jobs (TR 53). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

unskilled packaging and sorting jobs that she could still perform with minimal vocational adjustment (TR 691). These simple, routine jobs allowed a sit-stand option and did not expose workers to hazards or unprotected heights (TR 690). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: December 11, 2009

---

### CERTIFICATE OF SERVICE

    I hereby certify on December 11, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 11, 2009: **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217